William C. Hammer, Appellee, v. The Huber Manufacturing Company, Appellant.

Gen. No. 5276.

1. TRIAL—*what conduct of counsel not cured by sustaining of objection.* To sustain an objection to a question which implies that in a previous trial a verdict was rendered against the opposite party is not enough to remove the harm done as a result of the impropriety of the question.

2. EVIDENCE—*when exclusion of competent will not reverse.* The

rejection of competent evidence will not reverse unless harm appears to have resulted.

Assumpsit. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1909. Affirmed upon remittitur. Opinion filed October 18, 1910.

HENRY WATERMAN and J. R. BOULWARE, for appellant.

FORREST M. LOWES and STURTZ & EWAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

William G. Hammer, the appellee, is a dealer in coal at Geneseo and for many years has operated a threshing machine in Henry county during the fall. Appellant, the Huber Manufacturing Company, is an Ohio corporation, engaged in the manufacture and sale of traction engines, separators, wind stackers, and other machinery comprising a modern threshing machine outfit. It had an Illinois agency at Peoria and Charles Wagner was its manager for Illinois. Appellee claimed to have made a contract with appellant on certain machinery sold and delivered by appellant to parties living in Henry county. Appellee brought this suit against appellant on May 6, 1907, to recover said commissions. He filed the common counts and appellant filed a plea of the general issue, and there was a jury trial and a verdict for appellee for $300. Appellant obtained a new trial, and upon the second trial appellee had a verdict for $1,450. Appellee remitted therefrom $153.38, a motion by appellant for a new trial was denied, and appellee had judgment for $1,296.62, from which defendant below appeals.

By his amended bill of particulars appellee claimed the following commissions: $425 for an engine delivered to Schuttler & Goeble, May 15, 1906, at $1,700; $75 for a boiler delivered to Hill Brothers on May 15, 1906, at $300; $30 for a second hand engine delivered to John H. Boltenhouse on May 15, 1906, at $300; $550 for a separator, self

feeder and traction engine delivered to Wolfe & Vandermoon on June 15, 1906, at $2,200; $307.50 for a separator, stacker, feeder and weigher, delivered to Schuttler & Goeble, July 1, 1906, at $1,230; and $487.50 for an engine delivered to Fred Lemmert May 1, 1907, at $1,950. The commissions are all charged at 25%, except on the second hand engine, delivered to Boltenhouse, which is charged at 10%. The total claimed in the amended bill of particulars was $1,875.

Appellee and Wagner had a conversation on November 4, 1904, in which appellee claims the contract was made. Wagner wrote letters to appellee soon thereafter and appellant claims that those letters contained the contract. Appellee and Wagner are not agreed as to what was said in the oral conversation. The parties agree that appellee was not to be known to the general public as an agent of appellant, but that appellee was to talk in favor of appellant's goods throughout Henry county; was to base his commendation of them upon his many years' use of them; was to advise Wagner of all persons whom he could ascertain were thinking of buying machinery of the kind and Wagner was then to come or send other agents to see the parties and make a deal with them at such prices as they might agree with the purchaser upon, and appellee was to have commissions upon any goods those agents might so sell. So far the parties practically agree. Appellee claims that the contract was to continue till the parties chose to terminate it. Appellant claims that it was only for the one year of 1905, during which appellant did not sell and deliver any goods in Henry county. Appellee's testimony is unsatisfactory on many points. At times he seemed to claim commissions only on goods sold and delivered to persons to whom he had talked in favor of appellant's goods and whose desire for such goods he had communicated to appellant. At other times he gave such a version of the contract as entitled him to commissions on all goods appellant delivered in Henry county, whether he had anything to do with the sale or not. He claimed in his testimony that the commissions were due him when appellant collected its pay for the machines; and again that his com-

missions were due him when the money for the machines was due, whether appellant had collected it or not; and again that the commissions were due him as soon as the goods were delivered in Henry county. In the conversation on November 4th, appellee expressed himself as dissatisfied with appellant's separator, and he testified that he told Wagner he would not recommend that separator, and he claimed and exercised the right to talk and work for a separator manufactured by a rival company. Wagner testified that appellee agreed not to talk against appellant's separator, and to work for no other company except appellant.

Appellee's bill of particulars claimed $1,875. The verdict, $1,450, was $425 less, and it is conceded by appellee that appellant did not deliver to Shuttler & Goeble the engine which that firm obtained on May 15, 1906, but that it came from another company and appellee conceded that appellant is not liable to him for commissions thereon. The jury were warranted in finding that appellee rendered service which helped to bring about the sale of the boiler delivered to Hill Brothers on May 15, 1906. The proof shows that appellant received $292.50 therefor and the commissions thereon at 25% would be $73.12. The preponderance of the evidence is that appellee never did anything which tended to bring about the sale of the engine to Boltenhouse. There is no evidence that appellee ever assisted in making the trade whereby Wolf & Vandermoon obtained from appellant the machinery above mentioned. Appellee rendered some assistance in obtaining an order from Shuttler & Carney in January, 1905, which appellant did not accept or fill. Thereafter, Carney withdrew and Goeble took his place, and Shuttler & Goeble gave an order in December, 1905, which appellant filled in July, 1906. Under the proof appellee not only was not instrumental in obtaining this second order, but the proof is clear that appellee tried to prevent Shuttler & Goeble from buying that machinery from appellant and tried to induce them to give the order to a rival company. Under the proof we are of opinion that the jury should not have allowed appellee commissions on that sale. Appellee

assisted in the giving of an order for machinery by Fred Lemmert in 1905, which appellant did not accept. Afterwards appellant took another order from Lemmert in April 1907, which was filled shortly before this suit was started. Appellee did nothing towards obtaining this last order from Lemmert, but the jury were warranted by the evidence in finding that this purchase resulted in part from appellee's former efforts to interest Lemmert in the machinery manufactured by appellant. The proof is that appellant received $1,300 for this machinery, commissions on which at 25% would amount to $325. We are therefore of opinion that under the evidence appellee was justly entitled to receive from appellant $73.12 for commissions on the sale to the Hill Brothers and $325 for commissions on the sale to Fred Lemmert, a total of $398.12 and that the evidence did not justify the jury in finding a larger verdict. The jury were warranted in finding that the commissions agreed upon for these items were 25% and that the contract continued in force as to work actually done by appellee for appellant till this suit was commenced. We are of opinion that the evidence would not warrant a finding that appellee was entitled to commissions upon goods sold by appellant with which appellee had nothing to do, especially in view of the fact that there is a clear preponderance of the evidence that appellee in certain instances was unfaithful to appellant and tried to prevent persons from buying goods from appellant and tried to sell them other goods instead, especially with reference to appellant's separator.

Appellee's counsel improperly asked a question which implied that there was a verdict against appellant at the first trial. The court sustained an objection to the question. That did not remove the evil done by the question. Still, we do not feel that the judgment should be reversed for that alone. The court sustained an objection by appellee to an offer in evidence by appellant of a contract made February 28, 1906, between the Northwest Thresher Company and appellee, wherein appellee accepted the agency of a company engaged in the manufacture of like machinery, for Geneseo,

in Henry county, and the trade tributary thereto, for the season ending November 1, 1906, and agreed not to, directly or indirectly, engage in the sale of, nor take orders for, machinery of the character involved in this suit, made by other companies than said Northwest Thresher Company. We are of opinion this contract should have been admitted as tending to defeat appellee's claim for commissions from appellant on any other goods than those which appellee actually assisted in selling. No special harm seems to have been done appellant by its rejection, because the oral proof showed that in certain instances appellee worked against appellant and for said Northwest Thresher Company, especially since we have herein rejected all claims except those where appellee rendered substantial assistance in procuring the sales.

This opinion will be lodged with the clerk and counsel notified thereof. If, within seven days, appellee remits all of the judgment, except $398.12, the judgment will be affirmed in that sum, at the costs of appellee. If such *remittitur* is not entered, the judgment will be reversed and the cause remanded for a new trial.

Appellee having filed a *remittitur* herein of all the judgment, except $398.12, the judgment is affirmed in the sum of $398.12, at the costs of appellee.

*Affirmed upon remittitur.*